James VITO, Plaintiff,

v.

Harold B. BONART
and
Mazie M. Vito, Defendants.

Civ. A. No. 220–58.

United States District Court
District of Columbia.

July 19, 1958.

W. Cameron Burton, Washington, D. C., for plaintiff.

Jo V. Morgan, Jr., Washington, D. C., for defendants.

HOLTZOFF, District Judge.

This case presents a question of construction of the statutes affecting dower and similar rights in the District of Columbia. The action is brought for a declaratory judgment and is now before this Court on cross motions for summary judgment.

The plaintiff is a married man whose wife was declared mentally incompetent. Subsequently to this adjudication he purchased certain real property and now seeks to convey it without his wife joining in the deed. He seeks a declaration that under the applicable statutes he is legally entitled to convey the property free of any interest of his wife and without her joining in the deed.

Title 18, Section 204, of the District of Columbia Code, provides in part as follows:

"Where any married woman is a lunatic or insane, and has been so found upon inquisition, and the said finding remains in force, * * * the husband of such lunatic or insane * * * person may grant and convey by his separate deed, * * * as fully as if he were unmarried, any real estate which he may have acquired since the finding of such inquisition."

The effect of this statute is to deprive a wife, who has been adjudged incompetent, of her rights of dower in any real property that her husband acquires subsequently to the adjudication and while the adjudication is in force. The statute is an old provision of law and is found in the 1901 Code, from which the foregoing section is derived. In a sense, it seems a rather unjust law because it deprives a woman of her rights at the time she needs them most and penalizes her for becoming ill. On the other hand, that is a matter of Congressional policy, and expediency and desirability of the statute, which is something, of course, that the Court will not consider. It is claimed that recent legislation has repealed this provision.

By the Act of August 31, 1957, known as Public Law 244, 85th Congress, 71 Stat. 560, D.C.Code 1951, § 18–101 et seq., some of the statutes relating to real property in the District of Columbia were drastically modified. One of the provisions abolished the right of dower and substituted therefor an intestate share in favor of the wife in real estate owned by the husband. It also abolished the right of curtesy and gave the husband, in the place of curtesy, the same rights in his wife's real estate as the wife had in his real estate. The two rights are correlative. In order to make it impossible, however, to deprive the wife of her intestate share by a conveyance by the husband during his lifetime and in order to substitute an intestate

share for the right of curtesy of the husband, Section 3(b) of the 1957 Act, D.C. Code 1951, § 18–201a, contained the following clause:

"Neither husband nor wife hereafter shall have the right to convey, transfer or encumber his or her real property free of the surviving spouse's interest in case of intestacy, as provided in this Act, without joinder of the other spouse."

The purpose of this Act obviously is to prevent the destruction of the intestate share of one spouse by a conveyance made by the other spouse during the lifetime of the former.

It is claimed on behalf of the wife in this case that this statute repeals Section 204 of Title 18, which has been quoted heretofore. There is no express repeal. Consequently, if there is any repeal at all it is a repeal by implication. Repeals by implication are not favored and come into operation only in case of such a repugnancy between the later and the earlier statute that both cannot be made effective.

The Court is of the opinion that there is no repeal of the earlier statute in this case. The earlier statute created an exception in respect to dower in the case of wives who become mentally incompetent. For this small class of cases the statute carved out an exception out of the general scheme. The later statute is a general provision that bars one spouse from destroying the intestate share of the other spouse by conveying the property during his or her lifetime.

It is a well established canon of statutory construction that a general statute does not by implication repeal an earlier special statute enacted for a special set of circumstances. To be sure, canons of statutory construction are not rigid, inflexible rules and are intended only as helps and guides in interpreting legislative intent. Nevertheless, they are of considerable aid, and this canon is of some assistance in the situation presented in the case at bar.

On its face therefore, it cannot be said that the earlier statute in this case is repealed by the later one. This conclusion is fortified by the fact that the 1957 Act enumerates a number of provisions of law that are expressly repealed. Section 204 of Title 18 is not included in that enumeration. To be sure, there is a general statement in the later Act that any provision inconsistent with the provisions of that Act is hereby repealed. This statement, however, adds nothing to the general rule of law that if there is any repugnancy or inconsistency between two statutes, the later prevails over the earlier. As the Court has indicated, there appears to be no such repugnancy in this case.

Moreover, if we consider the general scheme of the statutes, the same conclusion would be reached. The purpose of the earlier statute is to enable a husband to convey property free of his wife's right of dower in instances in which she is adjudged mentally incompetent, if the property is acquired after the adjudication. The new statute abrogates the right of dower as such and substitutes an intestate share. There is no indication that it was the intent of Congress that the exception as to conveyance free of dower in the narrow set of circumstances referred to above should not be equally applicable to what is now called an intestate share.

As heretofore stated, the Congressional intent in enacting the proviso in Section 3(b) of the 1957 Act was purely to prevent a husband or wife from destroying a spouse's intestate share, which otherwise could have been done when the intestate share was substituted for dower. Its intent further is to substitute for the right of curtesy the same intestate share in favor of the husband that is given to the wife. The Court is unable to discern any intent to abrogate the exception in case of a wife who has become mentally incompetent. It may well be that an exception should also be now made in favor of a woman whose husband becomes mentally incompetent, but that is a matter for Congress to consider.

The Court is fully aware of the fact that, after all, the term "intent of Congress", when we are dealing with the construction of detailed provisions of a general statute, is apt to be a fiction. Congressional intent becomes the intent of the few members of a committee or of the counsel who actually drafted the provisions. But this circumstance makes no difference. The Court is unable to perceive that there was any intent on the part of the draftsmen of new Section 3(b) to abrogate the rule embodied in Section 204 of Title 18.

Accordingly, the plaintiff's motion for summary judgment will be granted and the defendants' motion denied. A declaratory judgment will be rendered in accordance with this oral opinion. Counsel may submit a proposed form of judgment.