382 P.2d 697

**STATE of New Mexico, Plaintiff-Appellant,**

**v.**

**George RUE, Defendant-Appellee.**

**No. 7146.**

Supreme Court of New Mexico.

May 6, 1963.

Rehearing Denied June 28, 1963.

Earl E. Hartley, Atty. Gen., Oliver E. Payne, Thomas A. Donnelly, Asst. Attys. Gen., Santa Fe, for appellant.

Shipley, Seller & Whorton, Alamogordo, for appellee.

CHAVEZ, Justice.

Appellee was charged in the justice-of-the-peace court with driving while intoxicated and reckless driving, pursuant to §§ 64–22–2 and 64–22–3, N.M.S.A., 1953 Comp. Appellee was found guilty of both offenses and sentenced to pay a fine of $100 and $5 court costs on the charge of driving while intoxicated, and to pay a fine of $25 and $5 court costs on the reckless driving charge. Appeal was allowed to the district court. Appellee filed a motion in the district court asking that the judgment entered by the justice of the peace be vacated and that the case be remanded to the justice-of-the-

peace court for dismissal on the ground that the justice-of-the-peace court lacked jurisdiction to hear and adjudge such complaints. The district court vacated the judgment on the charge of driving while intoxicated and dismissed the complaint charging that offense. The appeal on the reckless driving conviction was continued until the further order of the court.

Upon motion of the district attorney, an appeal to this court was allowed. Appellant contends that the only issue involved is whether the general statute, § 36–2–5, N.M. S.A., 1953 Comp., which limits the jurisdiction of justices of the peace to misdemeanors where the punishment prescribed by law is $100 or less, controls over a specific statute, § 64–22–2, supra, which grants justices of the peace concurrent jurisdiction with district courts to try a first offense in cases of driving while intoxicated, where the fine is not less than $100 nor more than $200.

Appellee says that the justice of the peace had no jurisdiction to try and convict the defendant on a first offense of driving while intoxicated. He argues that the only criminal jurisdiction conferred upon justices of the peace under our constitution is that contained in Art. VI, § 21, which provides that justices of the peace shall be conservators of the peace in their respective counties and that they may hold preliminary examinations in criminal cases.

Section 64–22–2, N.M.S.A., 1953 Comp., states that in the case of a first offense in cases of driving while intoxicated, justices of the peace shall have concurrent jurisdiction with district courts to try such offender.

Approaching the problem of criminal jurisdiction of justices of the peace, we look first to enactments of the territorial legislature prior to statehood, to our constitution, and to legislative acts subsequent to the adoption of our constitution.

In 1876 the territorial legislature enacted Ch. XXVII entitled "AN ACT to define the qualifications, powers and jurisdiction of justices of the peace; and regulating the practice in their courts." This act was a comprehensive justice-of-the-peace code, included numerous crimes, and provided the punishment therefor upon conviction. Section 5.5 thereof provides:

"That every justice of the peace shall have jurisdiction co-extensive with the county for which he is [was] elected:

\* \* \* \* \* \*

"2d. To cause to be kept all laws made for the preservation of the peace.

"3d. To cause to come before him, persons who shall break the peace, and commit to jail or bail them as the case may be."

Section 80 of Ch. XXVII, Laws 1876, which appears as § 36–12–1, N.M.S.A., 1953 Comp., provides:

"Every justice of the peace shall have jurisdiction in criminal cases throughout the county in which he was elected and where he shall reside, and shall be a conservator of the peace therein. He is authorized and required, on view or complaint made on oath or affirmation, to cause any person charged with the commission of a crime or breach of the law, to be brought before him or some other justice of the peace, and shall inquire into the complaint, and try the same, if within the jurisdiction of a justice of the peace, as defined in this act, and either commit to jail, discharge or recognize such person to appear before the district court, as the case may require. * * *"

Article VI, § 1, of our constitution vests the judicial power of the state in the senate when sitting as a court of impeachment, a supreme court, district courts, probate courts and justices of the peace. Article VI, § 21, provides that justices of the peace shall be conservators of the peace and may hold preliminary examinations in criminal cases. Article XXII, § 4, provides:

"All laws of the territory of New Mexico in force at the time of its admission into the Union as a state, not inconsistent with this Constitution, shall be and remain in force as the laws of the state until they expire by their own limitation, or are altered or repealed;

and all rights, actions, claims, contracts, liabilities and obligations, shall continue and remain unaffected by the change in the form of government."

In 1915 the legislature enacted Ch. 13, § 1, which appears as § 36-2-5, N.M.S.A., 1953 Comp. Under this act, jurisdiction was conferred upon justices of the peace in all cases of misdemeanors where the punishment prescribed by law may be a fine of $100 or less, or imprisonment for six months or less, or may be both such fine and imprisonment.

In 1961, by Ch. 14, § 1, the legislature amended § 36-2-5, supra, to read as follows:

"Justices of the peace have jurisdiction in all cases of misdemeanors where the punishment prescribed by law is a fine of one hundred dollars ($100) or less, or imprisonment for six [6] months or less, or where fine or imprisonment or both are prescribed but neither exceeds these maximums. This section does not apply to misdemeanors where jurisdiction is exclusively vested in district courts."

Our constitution does not define the jurisdiction of justices of the peace nor make a grant thereof in specific cases. It does set out jurisdictional limitations, or lack of jurisdiction, such as are provided in Art. VI, § 26, as follows:

"Justices of the peace, police magistrates and constables shall be elected

**216**

in and for such precincts or districts as are or may be provided by law. Such justices and police magistrates shall not have jurisdiction in any matter in which the title to real estate or the boundaries of land may be in dispute or drawn in question or in which the debt or sum claimed shall be in excess of two hundred dollars exclusive of interest."

The constitution also contains the provisions of Art. XXII, § 4, hereinbefore quoted.

There was a statute defining the jurisdiction of justices of the peace at the time of the adoption of our constitution. Chapter XXVII, Laws 1876, supra. Also, there was the statute enacted shortly after our constitution was adopted. Chapter 13, § 1, Laws 1915, supra.

█ There is nothing inconsistent in our constitution with the territorial laws of 1876 which conferred criminal jurisdiction on justices of the peace in cases involving a breach of the peace. Certainly a person driving while intoxicated is committing a breach of the peace and justices of the peace have had jurisdiction over such offenses since 1876.

Since our constitution does not define the criminal jurisdiction of justices of the peace, nor make a grant thereof, it merely recognizes justices-of-the-peace courts as one of the tribunals upon which the judicial power of the state was vested, made them conservators of the peace, and thereby left the criminal jurisdiction of justices of the peace as fixed by the territorial legislature of 1876 until the enactment of Ch. 13, Laws 1915, (§ 36–2–5), supra

█ The later act, § 36–2–5, supra, being a general statute, will not be construed as repealing the prior act, § 64–22–2, supra, which specifically grants justices of the peace jurisdiction to try a first offense of driving while intoxicated. See Arizona Corporation Commission v. Catalina Foothills Estates, 78 Ariz. 245, 278 P.2d 427; Vito v. Bonart, D.C., 163 F.Supp. 747. Also, repeals by implication are not favored. Alvarez v. Board of Trustees of La Union Townsite, 62 N.M. 319, 309 P.2d 989. When two statutes are enacted by the legislature covering the same subject matter, one of them in general terms and the other in a more detailed way, the two should be harmonized, if possible, and construed together. Sutherland, Statutory Construction, 3d Ed., Vol. 2, § 5204. We, therefore, construe § 64–22–2, supra, as a valid, specific grant of concurrent jurisdiction to justices of the peace in cases involving driving while under the influence of intoxicating liquor or of drugs, when the same is a first offense, notwithstanding the jurisdictional limitations of § 36–2–5, supra. This is the same type result as obtained in City of Clovis v. Dendy, 35 N.M. 347, 297 P. 141.

The judgment is reversed and remanded with direction to the district court (1) to set aside its order of dismissal and order vacating the judgment of the justice of the peace, and (2) to restore the case to the trial docket and proceed to a trial de novo.

It is so ordered.

COMPTON, C. J., and CARMODY, NOBLE and MOISE, JJ., concur.