458 P.2d 225

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Glen C. COLLINS, Defendant-Appellant.**

No. 8789.

Supreme Court of New Mexico.

Aug. 29, 1969.

Toulouse & Walters, Albuquerque, for appellant.

James A. Maloney, Atty. Gen., Roy G. Hill, Sp. Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WATSON, Justice.

Appellant and Sandia Memorial Gardens, a corporation, were convicted of having violated the provisions of the last sentence of § 67–29–6, N.M.S.A.1953, of the Endowed Care Cemetery Act of 1961. The corporation has not appealed. Section 67–29–6, supra, reads as follows:

"67–29–6. *Instrument regarding care to be furnished by cemetery authority.*— Whenever a cemetery authority owning, operating, controlling or managing a cemetery accepts care funds, either in connection with the sale of a lot, grave, crypt or niche, or in pursuance of a contract, or whenever, as a condition precedent to the purchase of a lot, grave, crypt or niche, such cemetery authority requires the establishment of a care fund or a deposit in an already existing care fund, then such cemetery authority shall execute and deliver to the person from whom received an instrument in writing which shall specifically state:

A.  The nature and extent of the care to be furnished;

B.  That such care shall be furnished only in so far as the net income derived from the amount deposited in trust will permit (the income from the amount so deposited, less necessary expenditures of administering the trust, shall be deemed the net income);

C.  That the cemetery is operated as an endowed care cemetery, which means that an endowed care fund for its maintenance has been established in conformity with the laws of the state of New Mexico, and the definition of endowed care as appears in section 3 [67–29–3] hereof; and

D.  That not less than the following amounts will be set aside and deposit in trust:

(1)  For graves, 25% of the lot or land sales price, unless a lesser amount is approved by the state bank examiner.

(2)  For a crypt, vault or niche, 10% of the sales price.

(3)  For the special care of any lot, grave, crypt or niche, or the family

mausoleum, memorial, marker or monument, the full amount received.

Such setting aside and deposit shall be made by such cemetery authority not later than thirty [30] days after the close of the month in which was received the final payment on the purchase price of each lot, grave, crypt or niche, or the final payment for the general or special care of a lot, grave, crypt or niche or of a family mausoleum, memorial, marker or monument; and such amounts shall be held by the trustee of the care funds of such cemetery authority in trust in perpetuity for the specific purposes stated in said written instrument."

Section 67–29–16, N.M.S.A.1953, reads as follows:

"67–29–16. *Violations—Punishment.—* Whoever violates any provision of the Endowed Care Cemetery Act of 1961 [67–29–1 to 67–29–17] shall be guilty of a misdemeanor and, upon conviction, shall be fined not less than fifty dollars ($50.00) nor more than five hundred dollars ($500), or imprisoned for not more than six [6] months, or both, at the discretion of the court."

The evidence the State relies upon for the conviction is the showing of final payments of the purchase price of six different cemetery lots on various dates in 1964 and 1965, and evidence that no moneys from the sale of lots were deposited in the trust fund during the years of 1963, 1964, and 1965 from the sale of these lots during that entire period.

It is appellant's contention that in order to prove the crime here charged, the State must also show (1) the amount in the trust fund; (2) the total amount of paid out purchases of lots; and (3) that the trust money on deposit was less than 25% of the lot or land sales price at the expiration of the 30 day period after the sale, none of which was satisfactorily proved by the State. A motion for a directed verdict was made at the close of the State's case.

Appellee states in its brief that regardless of the condition of the trust account at any given moment, it is a crime for the defendant to fail to deposit the amounts required and in the time required by § 62–29–6(D), supra. This is true, but these requirements can be met by deposits in advance of the closing of the sale.

Since § 62–29–6(D), supra, states that not less than 25% of the lot or land sales price for graves will be deposited in the trust fund *not later than* 30 days after the close of the month in which the final payment was received, the State must prove beyond a reasonable doubt that 25% of the sales price was not deposited in the fund *prior to* the termination of the 30 day period. We do not believe that simply proving that no sums had been deposited in the fund for a limited period of months or years prior to the sale is sufficient.

Neither party has presented us with cases from other states interpreting similar statutes, nor have we found any. We note that § 67–29–4, N.M.S.A.1953, authorizes the commingling of the care funds to be received under § 67–29–6, supra, with special care funds, gifts, bequests, contributions, or other payments or property. There is no evidence here of the sale of any crypts, vaults, niches, or of any special care arrangements; such would be an additional complication for accounting where commingling is allowed.

There is evidence here that until sometime in 1963, 25% of the money received on all contracts for the sale of lots went into the trust and was retained there even though the sales were never completed and the contracts were cancelled. In our opinion these sums could all be considered as advance payments on the deposit required for closed contracts. There was no requirement whatsoever for the deposit of these funds. No evidence of the amount received from closed contracts was submitted to the jury, although a former bookkeeper was permitted to state that he discussed a

deficit of approximately $40,000 with the appellant.

The conviction here could only have been based upon the assumption that it was a violation of § 67–29–6, supra, not to deposit 25% of the sales price of a lot *within* 30 days after the close of the sale, or upon the surmise and conjecture that the total amount on deposit was less than 25% of the sales price of the lots sold at a time *not later than* 30 days after the close of the month in which final payment was received on the purchase price. If the former, the verdict is in error as a matter of law; if the latter, the verdict is not supported by substantial evidence.

We will not change or limit the wording in a criminal statute in order to construe it against the accused. Penal statutes are strictly construed and should be of sufficient certainty so that a person will know his act is criminal when he does it. State v. Buford, 65 N.M. 51, 331 P.2d 1110, 82 A.L.R.2d 787 (1958); State v. Clark, 80 N.M. 340, 455 P.2d 844 (1969).

On the other hand, if we review the evidence as we must in the light most favorable to the State, and resolve all conflicts in favor of the verdict, we still lack permissible inferences with which to sustain the verdict. State v. Martinez, 53 N.M. 432, 210 P.2d 620 (1949); State v. McAfee, 78 N.M. 108, 428 P.2d 647 (1967). We cannot reasonably infer from the fact that the former bookkeeper discussed an approximate deficit with appellant that there was a failure to deposit 25% of the sales price *not later than* 30 days after the close of the month in which final payment was received from the various sales set forth in the verdicts. Such a conclusion could only have been the result of surmise and conjecture and, therefore, we cannot allow the conviction to stand. State v. Romero, 67 N.M. 82, 352 P.2d 781 (1960).

It follows from the foregoing that the court below erred in overruling the appellant's motion for a directed verdict, and the conviction is reversed, with instructions to set aside the verdict and sentence and discharge the appellant.

It is so ordered.

MOISE, J., and JAMES W. MUSGROVE, D. J., concur.