781 P.2d 316

STATE of New Mexico,
Plaintiff–Appellee,

v.

Ricky BYBEE, a/k/a Ricky Frame,
Defendant–Appellant.

No. 11205.

Court of Appeals of New Mexico.

Aug. 17, 1989.

Hal Stratton, Atty. Gen., Charles H. Rennick, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Susan Gibbs, Appellate Defender, Santa Fe, Calvin R. Neumann, District Public Defender, Clovis, for defendant-appellant.

OPINION

DONNELLY, Judge.

Defendant was charged with three counts of burglary of soft drink vending machines located outside a grocery store. He subsequently entered a plea of nollo contendre to one charge of burglary, and the other charges were dismissed. Defendant specifically reserved, however, the right to appeal the trial court's denial of his motion to dismiss the burglary charges. The dispositive issue is whether a soft drink vending machine constitutes a "structure" within the purview of the burglary statute, NMSA 1978, Section 30–16–3(B) (Repl.Pamp.1984). We reverse.

The criminal information filed against defendant alleged that he "without authorization [entered three] commercial structure[s], to-wit: [soft drink vending machines]." The three vending machines were located outside a grocery store in Clovis. Each vending machine contained canned soft drinks and had a locked door which enclosed the beverages and money change box. The machines were not anchored or attached to the building but an electrical cord plugged into the building served to operate the refrigeration unit and dispensing equipment on each machine.

Defendant argues that unlawfully obtaining entry into a vending machine located outside a building does not constitute the offense of burglary within the contemplation of Section 30–16–3. The issue presented constitutes a question of first impression in this jurisdiction.

Section 30–16–3 states in part, "[b]urglary consists of the unauthorized entry of any vehicle, watercraft, aircraft, dwelling or other structure, movable or immovable, with the intent to commit any felony or theft therein." In determining whether a vending machine is a "structure" within the contemplation of the statute, our primary purpose is to ascertain the legislative intent. *See State ex rel. Klineline v. Blackhurst*, 106 N.M. 732, 749 P.2d 1111

(1988); *State v. Gonzales,* 78 N.M. 218, 430 P.2d 376 (1967); *State v. Owens,* 103 N.M. 121, 703 P.2d 898 (Ct.App.1984); *State v. Garcia,* 83 N.M. 490, 493 P.2d 975 (Ct.App. 1971). In ascertaining legislative intent, the courts will look to the language used but may also consider the history and background of the statute. *Id. See also Munroe v. Wall,* 66 N.M. 15, 340 P.2d 1069 (1959) (the construction of a statute may be gleaned from the history of the statute).

The offense of burglary as defined by Section 30–16–3 materially varies from the common-law offense. *See State v. Sanchez,* 105 N.M. 619, 735 P.2d 536 (Ct.App. 1987); *State v. Rodriguez,* 101 N.M. 192, 679 P.2d 1290 (Ct.App.1984). As observed in *Rodriguez,*

> At common law, burglary was "an offense against the security of habitation or occupancy." C. Torcia, 3 *Wharton's Criminal Law* § 326 (14th ed. 1980). This Court has described the statutory offense as one against "the security of the property which is entered." *State v. Ortiz,* 92 N.M. 166, 584 P.2d 1306 (Ct. App.1978). This change in definition reflects the legislature's expansion of the dwelling house requirement to include various movable and immovable structures * * *.
>
> \*     \*     \*     \*     \*     \*
>
> * * * The general purpose of burglary statutes is to protect possessory rights with respect to structures and conveyances and to define "prohibited space." [Citations omitted.]

*Id.* 101 N.M. at 193–194, 679 P.2d at 1291–1292. The crime of common law burglary consisted of breaking and entering a dwelling house of another in the nighttime with the intent to commit a felony therein. *Id.* at 193, 679 P.2d at 1291. *See also Miller v. Cox,* 97 N.M. 414, 356 P.2d 231 (1960); *State v. Wilkerson,* 83 N.M. 770, 497 P.2d 981 (Ct.App.1972). Examination of Section 30–16–3 indicates that the present language of the statute parallels a prior statute enacted in 1963 as a part of the comprehensive revision of the Criminal Code. *See* former Section 40A–16–3, enacted by 1963 N.M.Laws, ch. 303, § 16–3. The present

burglary statute and its predecessor statute, Section 40A–16–3, are consolidations of several different former burglary statutes. *See* NMSA 1953, §§ 40–9–1, –6, –7 & –10; *see also State v. Gonzales.*

The legislature in adopting NMSA 1953, Sections 40–9–6 and –7, expanded the offense of burglary to include places and specific structures other than dwellings and specifically provided that the offense of burglary also included offices, shops, warehouses, telephone pay stations, and "other building[s] or structure[s]." *See Martinez v. United States,* 295 F.2d 426 (10th Cir.1961). In *State v. Ortiz,* 92 N.M. 166, 584 P.2d 1306 (Ct.App.1978), this court held that the burglary statute was amended so as to no longer define burglary in terms of a "breaking."

The state argues that "structure" as used in Section 30–16–3 includes a soft drink vending machine and that the term "structure" should be construed in its normal context. The term "structure" as defined in the dictionary is "something constructed or built." Webster's Third New International Dictionary 2266 (3d ed. 1971). *See also* Random House Dictionary of the English Language 1887 (2d ed. 1987); Black's Law Dictionary 1276 (5th ed. 1979).

In *Gonzales,* the supreme court construed the term "other structure" as it was used in NMSA 1953, Section 40A–16–3 (now designated § 30–16–3), a predecessor statute to Section 30–16–3, noting that "other structure" should be construed in its literal sense. The court declined to apply ejusdem generis as a rule of construction and held that the words of the burglary statute need not be limited by the specific language preceding it. *Gonzales* held that a food store could be burglarized because it was a "structure" within the ordinary meaning of the word.

The state also argues that the supreme court in *Gonzales* considered the issue of whether the term "other structure" contained in the burglary statute, NMSA 1953, Repl.Vol. 6 (1964), Section 40A–16–3 was limited under ejusdem generis as a rule of construction by the specific language preceding it. As defined in Black's Law Dic-

tionary 464 (5th ed. 1979), "ejusdem generis" is a statutory rule of construction requiring that where general words follow an enumeration of persons or things of a particular and specific meaning, the general words are not construed in their widest extent but are instead construed as applying to persons or things of the same kind or class as those specifically mentioned.

Although it is clear that the legislature acted to broaden the definition of the burglary statute, in interpreting the language of Section 30–16–3, we determine that legislative modification of the definition of the offense of burglary did not, however, expand the reach of the statute to include the unlawful entry into soft drink vending machines under the facts presented here and that the legislature did not intend that a soft drink vending machine constitute a "structure" within the contemplation of the present burglary statute.

In *Rodriguez* this court upheld the burglary conviction of a defendant charged with taking property from the bed of a pickup truck with intent to commit a felony, observing that Section 30–16–3 expressly included a prohibition against the unauthorized entry of any vehicle with intent to commit any felony or theft therein. In *Sanchez* the court observed that the burglary statute (Section 30–16–3) as adopted by the legislature significantly departed from its common law counterpart, however, we conclude that, under the facts present here, the expanded definition of burglary and the term "structure" as set forth in Section 30–16–3 does not include the unauthorized entry into a soft drink vending machine located outside a building or other structure with intent to commit a felony or theft within. *Compare State v. Douglas,* 86 N.M. 665, 526 P.2d 807 (Ct. App.1974) (affirming conviction of burglary where defendant was shown to have broken and entered into a gas station and then broke and entered a coke machine located *inside* a gas station). The power to define crimes is a legislative function, and penal statutes must be strictly construed; the definition of crimes contained therein may

not be broadened by intendment. *State v. Allen,* 77 N.M. 433, 423 P.2d 867 (1967).

As observed by our supreme court in *Bokum Resources v. New Mexico Water Quality Control Commission,* 93 N.M. 546, 603 P.2d 285 (1979), statutes defining criminal conduct are strictly construed. *See also State v. Allen; State v. Ortiz,* 78 N.M. 507, 433 P.2d 92 (Ct.App.1967). Doubts about the construction of a criminal statute are resolved in favor of the rule of lenity. *State v. Keith,* 102 N.M. 462, 697 P.2d 145 (Ct.App.1985). A criminal statute may not be made applicable beyond its intended scope, and it is a fundamental rule that crimes must be defined with appropriate definiteness. *Pierce v. United States,* 314 U.S. 306, 62 S.Ct. 237, 86 L.Ed. 226 (1941). Similarly, a statute will not be read to apply to a criminal offense unless the legislative proscription is plain. *See United States v. Scharton,* 285 U.S. 518, 52 S.Ct. 416, 76 L.Ed. 917 (1932).

In so construing the statute, we do not believe the legislature intended the burglary statute to protect space within any thing constructed, no matter how small, absent specific language in the statute evincing intent to include such structure within the proscription of the statute. Thus, considering Section 30–16–3(B) in light of the rule that criminal statutes are construed strictly against the state, we do not interpret the language "or other structure" to apply to soft drink vending machines located outside a dwelling house or other structure.

We have reviewed the cases from other jurisdictions relied on by the state and find that those cases are distinguishable by reason of the differences in the specific language of the statutes involved. Thus, *State v. Newman,* 313 N.W.2d 484 (Iowa 1981), involved a coin changer and a statute that specifically provided, among other things, that the crime of burglary included the unlawful entry of an " 'area enclosed in such manner as to provide a place for the keeping of valuable property secure from theft.' " *Id.* at 486. *Shumate v. Commonwealth,* 433 S.W.2d 340 (Ky.1968), *cert. denied, Brotze v. Kentucky,* 394 U.S. 993, 89 S.Ct. 1485, 22 L.Ed.2d 769 (1968),

involved a statute that expressly provided that the terms "storehouse" or "warehouse" as used in the burglary statute included a vending machine. Similarly, in *State v. Mann*, 129 Ariz. 24, 628 P.2d 61 (Ct.App.1981), the court upheld defendant's conviction of burglary based on unlawful entry of a Salvation Army collection box under a statute that defined structure as any building, object, vehicle, or place with sides and a floor and used for storage.

Although the legislature may include specific objects or places under the proscription of the burglary statute, the court may not enlarge or amend the statute by judicial fiat. *See Varos v. Union Oil Co.*, 101 N.M. 713, 688 P.2d 31 (Ct.App.1984). At least one state, Oklahoma, has expressly adopted legislation proscribing burglary of "any coin-operated or vending machine." *See* 21 Okla.Stat.Ann., § 1435 (West 1983); *see also Hudson v. State*, 525 P.2d 1380 (Okla.Crim.App.1974). In light of our ruling we need not reach the collateral issue raised by defendant.

Reversed and remanded.

IT IS SO ORDERED.

ALARID and APODACA, JJ., concur.