726 P.2d 1174

STATE of New Mexico,
Plaintiff-Appellee,

v.

Mike ENCINIAS and Paul James
Hollowell, Defendants-Appellants.

Nos. 9073, 9081.

Court of Appeals of New Mexico.

May 8, 1986.

Certiorari Quashed Oct. 2, 1986.

Jacquelyn Robins, Chief Public Defender, David Stafford, Appellate Defender, Santa Fe, for defendants-appellants.

Paul G. Bardacke, Atty. Gen., William McEuen, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Chief Judge.

Defendants appeal their convictions of battery on a peace officer. They were sentenced to eighteen months imprisonment and a $5,000 fine for those convictions. *See* NMSA 1978, §§ 30–22–24 (Repl. Pamp.1984) and 31–18–15(A)(4) and (D)(3) (Repl.Pamp.1981). The trial court also found aggravating circumstances and enhanced their basic sentences by six months.

The trial court suspended Hollowell's fine and eighteen months of the term of his

imprisonment. It suspended Encinias' fine and twelve months of the term of his imprisonment. Hollowell was ordered to serve six months in jail, followed by five years probation; Encinias was ordered to serve twelve months in jail, followed by five years probation. The trial court further ordered that Hollowell was not entitled to credit for time served on probation against the suspended portion of his sentence until the forty-third month of probation, and that Encinias was not entitled to credit for time served on probation until the forty-ninth month of probation. Defendants appeal. We consolidate the appeals on our own motion and discuss: (1) sentence enhancement; (2) probation; and (3) deferral of credit time. We affirm on the first two issues, and reverse on the third issue.

**Sentence Enhancement**

There is no question that Hollowell struck the officer as charged. However, many of the witnesses had widely differing recollections of what happened next. One version had Hollowell kicking and shoving the officer and throwing him over a car. Another version had the officer as the aggressor and Hollowell as the victim. Still another version was that nothing happened. The testimony as to Encinias' participation in the incident was also conflicting. There was testimony that Encinias grabbed the officer in a "bear hug" and threw the officer over several cars.

The jury found defendants guilty by general verdict. The jury was not requested to find that any one of the recounted versions was true. Defendants contend that the trial court erred in drawing its own factual conclusions as grounds for enhancing their sentences. We disagree.

Clearly, the fact that Hollowell struck the officer is sufficient evidence upon which to convict him of battery on a peace officer. See NMSA 1978, UJI Crim. 22.10 (Repl.Pamp.1982). Similarly, the fact that Encinias grabbed the officer and threw him around is sufficient to convict Encinias of that offense. The jury was not required to find any facts beyond those. At sentencing, however, the trial court found "as a fact that aggravating circumstances surround the commission of the offense in that the battery committed on the peace officer also constituted a humiliating manhandling of such officer offensive to elemental concepts of civilized order." The trial court based its findings on "the sentencing proceedings and from certain testimony given in the trial."

When a defendant is convicted of a felony, the trial court must conduct a sentencing hearing to determine whether mitigating or aggravating circumstances exist. NMSA 1978, § 31–18–15.1(A) (Repl. Pamp.1981). If the trial court finds that an aggravating circumstance exists, it may enhance the basic term of imprisonment. In determining whether to alter a basic sentence, the trial court may properly consider the circumstances surrounding the commission of the crime. *State v. Wilson,* 97 N.M. 534, 641 P.2d 1081 (Ct.App.1982). *See also State v. Segotta,* 100 N.M. 498, 672 P.2d 1129 (1983). In reviewing a trial court's finding that an aggravating circumstance exists, this Court will view the evidence in the light most favorable to the finding, and resolve all conflicts and inferences in favor of that finding. *Cf. State v. Tovar,* 98 N.M. 655, 651 P.2d 1299 (1982). We will affirm the trial court's finding so long as it is supported by substantial evidence.

Defendants' reliance on *State v. Blea,* 84 N.M. 595, 506 P.2d 339 (Ct.App. 1973), and *State v. Chavez,* 101 N.M. 136, 679 P.2d 804 (1984), is misplaced. In *Blea,* we held that because the statute relied upon for enhancing the sentence added a new element to the crime for which defendant was convicted, defendant was entitled to be tried by the jury on that question. *But see State v. Barreras,* 88 N.M. 52, 536 P.2d 1108 (Ct.App.1975) (the statute in question in *Blea* does not create a new class of crimes). In *Chavez,* the Supreme Court reversed the trial court's grant of a new trial because the lower court had invaded the province of the jury at the *guilt* phase of the proceeding. These two cases

stand for the proposition that a defendant is entitled to a jury trial on the question of guilt. The sentence, however, is not an element of the conviction; rather, it is merely a consequence of the conviction. *State v. Ferris*, 80 N.M. 663, 459 P.2d 462 (Ct.App.1969). A convicted defendant has no right, absent statutory authority, to a jury trial on the question of an appropriate sentence. *Compare* NMSA 1978, UJI Crim. 50.06 (Repl.Pamp.1982) *with* NMSA 1978, § 31–20A–1(B) (Repl.Pamp.1981) *and* NMSA 1978, UJI Crim. 39.33 (Cum.Supp. 1985).

■ Encinias, relying on *City of Alamogordo v. Ohlrich*, 95 N.M. 725, 625 P.2d 1242 (Ct.App.1981), also argues that there was no evidence presented at trial to support the trial court's finding that the officer was "humiliated" by the attack on him. The fact that Encinias violently grabbed the officer and physically threw him over several cars while a large group of people watched would certainly lead to a reasonable inference that the officer was humiliated. *Ohlrich* is not applicable to the instant case. Baiting with words and physical abuse are two entirely different things.

Defendants were tried and found guilty. The trial court, pursuant to its statutory duty, held a sentencing hearing and found that an aggravating circumstance accompanied the commission of the crime as to each defendant. The trial court's findings were supported by the testimony of at least one witness, i.e., by substantial evidence. We affirm the trial court's findings of aggravating circumstances and its enhancement of defendants' basic sentences.

**Probation**

Hollowell relies on *State v. Vigil*, 103 N.M. 581, 711 P.2d 26 (Ct.App.1985), in support of his argument that the trial court erred in placing him on supervised probation for five years when he was convicted of a fourth degree felony which carries a basic term of incarceration of eighteen months. The *Vigil* decision was based on Section 31–20–6 as it existed in 1984 when Vigil committed the offense charged. At that time, Section 31–20–6(D) expressly

provided that supervised probation could not exceed the maximum term of incarceration for the offense committed.

Section 31–20–6 was amended by 1985 N.M. Laws, ch. 75, Section 2. The amended statute was in effect on May 25, 1985, the date defendants committed the offense involved in this appeal. N.M. Const. art. IV, § 23. Therefore, the provisions of the amended statute are applicable in this appeal.

Both defendants argue that Section 31–20–6, as amended, conflicts with NMSA 1978, Sections 31–20–7 to –9 (Repl.Pamp. 1981) and, therefore, full force cannot be given to all four sections. Defendants suggest that we construe the latter three sections to authorize terms of supervised probation, and that Section 31–20–6 be construed to authorize a term of unsupervised probation. In making this suggestion, defendants ignore the obvious.

First, Section 31–20–7 was repealed by the 1985 Legislature. 1985 N.M. Laws, ch. 75, § 4. Second, amended Section 31–20–6(D) expressly provides for a term of supervised probation for a period of up to five years. This being the latest expression of legislative intent, we decline to judicially construe the sentencing statutes as urged by defendants. *Cf. Vigil.* Moreover, simply because a court may lose the authority to incarcerate a probationer upon the expiration of the underlying term of the suspended sentence, *see State v. Kenneman*, 98 N.M. 794, 653 P.2d 170 (Ct.App. 1982), does not render amended Section 31–20–6(D) meaningless. The Legislature has provided that one of the purposes of probation is to aid in the rehabilitation of a convicted felon. § 31–20–6(F). Accordingly, a defendant may benefit from complying with a supervised term of probation even where the underlying term of incarceration has expired. Additionally, a defendant may benefit by complying with the terms of probation for the entire probationary period by demonstrating to the sentencing court that he is a good candidate for a second term of probation should he subsequently be convicted of a criminal offense.

It is a legislative function to prescribe a trial court's authority to impose probation. *State v. Holland,* 91 N.M. 386, 574 P.2d 605 (Ct.App.1978). As amended, Section 31–20–6(D) provides that where a sentence has been suspended or deferred, the trial court may place a defendant on supervised probation for up to five years. *See also* NMSA 1978, § 31–20–5(A) (Cum. Supp.1985). The trial court's judgment, suspending part of defendants' term of incarceration and imposing a five-year term of supervised probation is authorized by the Legislature. The trial court did not err in this regard.

### Deferral of Credit Time

The trial court decided that Hollowell is not entitled to credit for time served on probation until he begins serving the forty-third month of probation and that Encinias is not entitled to credit until he begins serving the forty-ninth month of probation. It based its orders on the belief that the 1985 amendments to Sections 31–20–5 and –6, and the 1985 repeal of Section 31–20–7, had repealed in part NMSA 1978, Section 31–21–15(B) (Repl.Pamp.1981) by implication. This is not the case.

The state contends that the legislative authorization of a five-year period of probation can have meaning only if the supervisory court may revoke probation and impose a jail term or imprisonment throughout the maximum period. *See State v. Holland,* 78 N.M. 324, 431 P.2d 57 (1967). It also argues that, because Sections 31–20–5 and –6 conflict with Section 31–21–15(B), Sections 31–20–5 and –6 are controlling because they are the most recent expressions of legislative intent. For the following reasons, we disagree.

Regarding the first contention, the Legislature has specified that not all probation must be supervised. *See Vigil.* If some probation may be unsupervised, then we cannot say that the Legislature's intent in enacting Section 31–20–6(D) will be frustrated if the trial court loses the power to impose a jail term at some point in the five-year period. Moreover, as discussed above, there are other salutary purposes underlying the legislative intent to allow probation.

Regarding the second contention, the trial court's sentencing authority is conferred by the Legislature. *See State v. Mabry,* 96 N.M. 317, 630 P.2d 269 (1981). Sections 31–20–5 and –6 authorize specific probationary terms; they do not address the procedure to be followed in a revocation proceeding. All time served on probation shall be credited unless a defendant is a fugitive. *Kenneman;* § 31–21–15(B) and (C). The trial court erred in purporting to defer credit for time served on probation.

The trial court's findings of aggravating circumstances are supported by substantial evidence. The trial court's order placing defendants on five years supervised probation is statutorily authorized. The trial court erred in attempting to defer credit for time served on probation.

We remand for the purpose of entering corrected sentences.

IT IS SO ORDERED.

DONNELLY and GARCIA, JJ., concur.