IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

Plaintiff-Appellee,

v.                                                                                          NO. 28,999

FERLANDO BENALLY,

Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY
Karen L. Townsend, District Judge

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Defendant appeals from the district court's ruling that the magistrate judge had jurisdiction to enter its judgment and sentence that continued probation even though

Defendant had served the underlying ninety-day suspended sentence. Our notice proposed to affirm, and Defendant filed a timely memorandum in opposition pursuant to a granted extension of time. We remain unpersuaded by Defendant's arguments and therefore affirm.

**Issue:** Defendant continues to argue that the district court erred in continuing his probation term after he had already been incarcerated for the maximum term allowed by law. [DS 3]

We first set forth the relevant time frame of events. Following Defendant's DWI conviction, on January 31, 2008, the magistrate judge entered a judgment and sentence (case #1), sentencing Defendant to the maximum ninety-day sentence, with sixty days suspended, for a total jail term of thirty days, as well as up to 364 days of supervised probation. [RP 47-48] On February 23, 2008, Defendant was arrested on unrelated charges and was jailed for the new charges, as well as for violating his probation in case #1. [RP 27, 74] After Defendant was jailed for approximately sixty days, the magistrate judge released Defendant with respect to case #1 because after sixty days Defendant had served the ninety-day sentence. [RP 74] Subsequently, after a hearing on Defendant's probation violation in case #1, at which time Defendant admitted to violating his probation, the magistrate court entered a judgment and sentence under the same cause number as case #1, listing a probation violation and

continuing Defendant's previously imposed probation at a higher level of supervision. [RP 10]

At the outset, we note that Defendant's 364-day probation period began when his sentence was imposed on January 31, 2008 [RP 46], and therefore ended on January 31, 2009. For this reason, Defendant's appeal of his continued probation appears moot, as his sentence has now been fully served. *See generally Gunaji v. Macias*, 2001-NMSC-028, ¶ 9, 130 N.M. 734, 31 P.3d 1008 (recognizing that a case is moot when no actual controversy exists and the court cannot grant actual relief).

Mootness notwithstanding, affirmance is nonetheless merited because the probation was statutorily authorized. Defendant's January 31, 2008, suspended sentence and probation [RP 46] is pursuant to NMSA 1978, Section 66-8-102(E) (2008), which provides that "[a] person under first conviction pursuant to this section shall be punished . . . by imprisonment for not more than ninety days or by a fine of not more than five hundred dollars ($500) or both; *provided that if the sentence is suspended in whole or in part or deferred, the period of probation may extend beyond ninety days but shall not exceed one year*." (Emphasis added.) Significantly, Section 66-8-102(E) provides that probation may be imposed for up to a year, even though this time period extends beyond the maximum ninety-day sentence or period of suspended sentence. *Compare* NMSA 1978, § 31-20-5(A) (2003) (providing that

"[w]hen a person has been convicted of a crime for which a sentence of imprisonment is authorized and when the magistrate, metropolitan or district court has deferred or suspended sentence, it shall order the defendant to be placed on probation for all or some portion of the period of deferment or suspension if the defendant is in need of supervision").

In the present case, following Defendant's probation revocation, the district court recognized that it could not impose any jail time because Defendant had already served the underlying ninety-day sentence. In this regard, the district court properly viewed the June 17, 2008, judgment and sentence not as a separate criminal proceeding to impose a new punishment, but instead as addressing how the remainder of Defendant's probationary term, as imposed in case #1, would be served. [RP 76] *See* NMSA 1978, § 31-21-15(B) (1989) (providing that if a probation violation is established, the court may continue the original probation, revoke the probation, and either order a new probation or require the probationer to serve the balance of the sentence imposed or any lesser sentence).

Despite the foregoing statutory authority, Defendant argues that the district court lost its authority to impose probation because, as a result of his probation violation, he served the sixty-day suspended portion of his sentence in jail. In effect, Defendant argues that the probation portion of the initial January 31, 2008, sentence

was no longer valid as a result of the consequences flowing from Defendant's probation violation. We disagree. Although Defendant by his actions lost the benefit of the suspended portion of his sentence, this does not mean that he was no longer subject to the probation portion of his sentence. *See State v. Encinias*, 104 N.M. 740, 742, 726 P.2d 1174, 1176 (Ct. App. 1986) (holding that "simply because a court may lose the authority to incarcerate a probationer upon the expiration of the underlying term of the suspended sentence" does not render the court's authority to impose supervised authority for the statutorily authorized five-year period).

We note further that Defendant's argument that the court "in effect, imposed a sentence of 454 days" [MIO 5] is incorrect. On January 31, 2008, the court imposed the sentence [RP 46], and at that time the 364 probationary period began to run. [RP 48] As such, Defendant's total sentence did not exceed 364 days, as after he served the sixty-day suspended portion of his sentence, he was only subject to a remaining probation period of 304 days, for a total of a 364-day sentence.

Although *Encinias* does not specifically address Section 66-8-102(E) [MIO 4-5], the statute at issue in *Encinias*, like the statute in the present case, provided that the supervised probation could exceed the maximum term of incarceration for the offense committed. In such instance, the *Encinias* Court held that it was within the legislature's intent to allow for the period of probation to extend beyond the jail time

served, if appropriate. As explained in *Encinias*, one of the purposes of probation is to aid in rehabilitation, and thus a defendant may benefit from complying with a supervised term of probation even though the underlying term of incarceration has expired. We see no reason to not extend the holding in *Encinias* to Defendant in the present case.

Based on the foregoing discussion, we affirm.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY , Chief Judge**

_____
**MICHAEL E. VIGIL, Judge**