This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

 Plaintiff-Appellee,

v.                 **NO. 30,406**

**DAVID HAMILTON,**

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Santa Fe, NM
Vicki W. Zelle, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Defendant David Hamilton appeals the district court's order affirming the metropolitan court's amended judgment and sentence for driving while under the influence of intoxicating liquor (DWI). This Court filed a notice of proposed summary disposition proposing affirmance. Defendant filed a memorandum in opposition to proposed summary disposition that we have duly considered. We affirm the district court.

**BACKGROUND**

Defendant asserts that the metropolitan court's amended judgment and sentence, entered after he had been incarcerated for 108 days, was an illegal sentence because he had already been incarcerated for longer than the maximum sentence he could have received for first-offense DWI. Because he served the maximum sentence, Defendant argues, the court thereafter had no further sentencing authority.

Defendant was arrested for DWI on September 15, 2006, and was originally given a deferred sentence in metropolitan court on May 8, 2007, with supervised probation to expire a year later on May 8, 2008. [RP 33, 83] Defendant filed a notice of appeal in district court on May 23, 2007, but withdrew the appeal about six months later. [RP 7, 63-66] In October 2007, the district court returned the case to the metropolitan court for execution of the judgment and sentence. [RP 12-17] On

December 7, 2007, Defendant filed a motion in metropolitan court to amend and correct his sentence to remove the part of the sentence requiring him to be on probation, alleging that he had already served 106 days incarceration (later determined to be 108 days [RP 156, fn 1]), more than the ninety-day maximum possible incarceration for first-offense DWI. [RP 18-20] On February 1, 2008, the metropolitan court denied Defendant's motion and issued an amended judgment and sentence imposing the original sentence and ordering, among other things, that Defendant serve a period of probation until May 8, 2008, the date it was set to expire under the terms of the court's original order deferring sentence. [RP 33, 76] On February 15, 2008, Defendant again appealed to the district court, which stayed execution of the metropolitan court sentence. [RP 80, 82] The district court filed a memorandum opinion and judgment affirming the metropolitan court on March 15, 2010. [RP 182-97] This is the order on appeal here.

**DISCUSSION**

"We review the legality of a sentence under the de novo standard of review." *State v. Williams,* 2006-NMCA-092, ¶ 4, 140 N.M. 194, 141 P.3d 538.

Under NMSA 1978, Section 66-8-102(E) (2007) (amended 2010), a first-time DWI offender shall be sentenced as follows:

A first conviction pursuant to this section shall be punished, notwithstanding the provisions of Section 31-18-13 NMSA 1978, by

3

imprisonment for not more than ninety days or by a fine of not more than five hundred dollars ($500), or both; provided that if the sentence is suspended in whole or in part or deferred, the period of probation may extend beyond ninety days but shall not exceed one year.

The Motor Vehicle Code also provides:

With respect to this section and notwithstanding any provision of law to the contrary, if an offender's sentence was suspended or deferred in whole or in part and the offender violates any condition of probation, the court may impose any sentence that the court could have originally imposed and credit shall not be given for time served by the offender on probation.

Section 66-8-102(T) (2010).

Following his plea of guilty for first-time DWI on May 8, 2007, Defendant was given a deferred sentence with supervised probation for one year. [RP 33] This comports with the quoted portion of Section 66-8-102(E) in that Defendant was given a deferred sentence and the permissible one year of probation. At some point before December 7, 2007, Defendant had been incarcerated for 32 days before his plea and 76 days for violation of his terms of release on appeal. [DS 2; RP 47, 57, 182-83] He now argues that having served more than the statutory ninety days, his sentence can no longer be considered deferred and that the remaining probation portion of the year of deferral was no longer enforceable as a result of the consequences flowing from his probation violation. [MIO 16-20] We agree with Defendant only to the extent that the metropolitan court could not impose additional incarceration.

4

A term of probation may extend beyond the maximum term of incarceration authorized. In *State v. Encinias*, 104 N.M. 740, 726 P.2d 1174 (Ct. App. 1986), one of the defendants was sentenced to twenty-four months' incarceration, with eighteen months suspended, followed by five years' probation. This Court held that it was permissible for the probation term to extend beyond the incarceration term, notwithstanding the district court's loss of authority to incarcerate the probationer in the event of a probation violation. *Id.* at 742, 726 P.2d at 1176. This Court pointed out that "[t]he Legislature ha[d] provided that one of the purposes of probation is to aid in . . . rehabilitation," and that "[a]ccordingly, a defendant may benefit from complying with a supervised term of probation even where the underlying term of incarceration has expired." *Id.*

In his memorandum in opposition, Defendant argues that *Encinias* is distinguishable based on differences between the general statutory sentencing scheme applicable there and the DWI sentencing scheme applicable in the present case. [MIO 16-18] Under our interpretation in *Encinias* of the former general sentencing statute at NMSA 1978, Section 31-20-6(C) (2007), the Legislature had expressly allowed for a period of five years probation, even though that might be longer than the term of incarceration permitted for the particular offense. *Encinias*, 104 N.M. at 742-43, 726 P.2d at 1176-77. The general sentencing statutes also provide that where a sentence

5

is deferred, upon a violation of probation the court may impose any sentence it might have imposed originally, but credit must be given for time served on probation. NMSA 1978, § 31-21-15(B) (1989). Under the DWI sentencing statutes, however, no credit against a term of incarceration may be given for time served on probation. Section 66-8-102(T). Although Defendant asserts that "[t]his difference is highly significant in the harmonious application of misdemeanor sentencing laws, and distinguishes this situation from that encountered in *Encinias*[,]" we fail to see why it should make a difference in the factual setting of the present case. [MIO 17]

**CONCLUSION**

We conclude that the principle set forth in *Encinias* applies in the present circumstances to the one-year period of probation permitted under Section 66-8-102(E). Accordingly, we affirm the district court.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

6

_____

**JONATHAN B. SUTIN, Judge**