Certiorari Denied, April 24, 2013, No. 34,082

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number:  2013-NMCA-065

Filing Date:  February 18, 2013

Docket No. 30,806

STATE OF NEW MEXICO,

       Plaintiff-Appellee,

v.

KRYSTAL NIETO,

       Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Robert M. Schwartz, District Judge

Gary K. King, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Kimberly Chavez Cook, Assistant Appellate Defender
Santa Fe, NM

for Appellant

OPINION

HANISEE, Judge.

{1}     Defendant appeals the district court's judgment and probated sentence, which orders that Defendant's 103-day-period of pre-sentence confinement be credited only to a future sentence of incarceration arising from a violation of the terms and conditions of her probation.  Defendant contends that the district court misconstrued NMSA 1978, Section 31-20-12 (1977) when it did not deduct pre-sentence confinement credit from the length of

probation imposed in lieu of an incarcerative sentence it determined to be conditionally unwarranted. We hold that, under NMSA 1978, Section 31-20-5 (2003), the district court's sentencing discretion included the prerogative of imposing any duration of probation, up to five years, not subject to mandatory diminution ascribed by the number of days Defendant was imprisoned immediately following the commission of the offense for which she ultimately accepted responsibility.

## I.  BACKGROUND

{2}     After hitting a victim with her car, Defendant spent 103 days in custody while her case was pending. Subsequently, Defendant entered into a plea agreement with the State, pursuant to which she pled guilty to aggravated battery with a deadly weapon. *See* NMSA 1978, § 30-3-5 (1969) (defining aggravated battery). Her ensuing sentence of three years' imprisonment was discretionarily suspended by the district court, and Defendant was ordered to successfully complete a three-year period of supervised probation. Accordingly, she is subject to incarceration and any factually applicable sentencing enhancements only in the event her probation is revoked. In its judgment and sentence, the district court additionally ordered that "Defendant, *if imprisoned* at any time pursuant to the . . . conviction, shall be given credit for pre-sentence confinement of 103 days." (Emphasis added.)

{3}     Defendant objected to this language, arguing that it conflicted with Section 31-20-12, which states that "[a] person held in official confinement on suspicion or charges of the commission of a felony shall, upon conviction of that or a lesser included offense, be given credit for the period spent in pre[-]sentence confinement against any sentence finally imposed for that offense." Defendant contended that in the event she is never incarcerated for violating her probation, she will never receive the pre-sentence confinement credit to which she asserts she is statutorily entitled. Defendant argued that her term of probation constitutes the sentence imposed as a result of her conviction, and thus is a "sentence finally imposed" to which her credit must be applied. *See id.* The State countered that the time-served credit to be deducted from a "sentence finally imposed" applies only to a sentence of incarceration. The State added that when an incarcerative sentence is suspended or deferred, like Defendant's, it is not yet "a sentence finally imposed" for purposes of the statutorily commanded time-served credit. Following argument, the district court declined to apply pre-sentence confinement credit to the probated sentence it imposed, reasoning that it was within its discretion to determine the duration of probation within the statutorily allowable range. Defendant now appeals this ruling, challenging the length of her probation.

## II.  DISCUSSION

{4}     At issue is whether, under the statutory framework that governs criminal sentences in New Mexico, Defendant is entitled to reduce the length of her probation by the sum of her pre-sentence confinement. Interpretation of a statute is a question of law that we review de novo. *State v. Rowell*, 121 N.M. 111, 114, 908 P.2d 1379, 1382 (1995). "Our primary goal in interpreting a statute is to give effect to the Legislature's intent. We look first to the

2

words chosen by the Legislature and the plain meaning of the Legislature's language." *State v. Martinez*, 1998-NMSC-023, ¶ 8, 126 N.M. 39, 966 P.2d 747. "There are two sources of interpretative aid upon which we can draw other than the language of the statute itself: (1) other statutes containing similar language, and (2) case law applying the statute." *State v. Fellhauer*, 1997-NMCA-064, ¶ 5, 123 N.M. 476, 943 P.2d 123. "Statutes concerning the same subject matter must be read in connection with each other." *State v. Marquez*, 2008-NMSC-055, ¶ 7, 145 N.M. 1, 193 P.3d 548.

**{5}** In addressing this issue, we note that Section 31-20-12 and case law discussing it shed minimal light on the issue of whether confinement credit is limited in application to a sentence of confinement, or whether it must likewise be applied to a probated sentence. Rather, we are aided by our examination of statutes that govern the district court's overall authority to suspend a sentence and instead order a period of probation. Specifically, Section 31-20-5 affords the district court authority to order probation upon deferral or suspension of the defendant's sentence of imprisonment. Section 31-20-5(A) expressly states that "the total period of probation for [the] district court shall not exceed five years." In contrast, that same statute states that "the total period of probation for the magistrate or metropolitan courts shall be no longer than the maximum allowable incarceration time for the offense or as otherwise provided by law." *Id*. Initially, it is noteworthy that both statutes make clear the Legislature's distinction between sentences of incarceration and of probation by the separation of both punishments within the statutory language. We further reason that if the Legislature intended for a district court defendant's probation time to be reduced by pre-sentence confinement credit, it would have likewise drafted the applicable statute to limit probation periods for district courts to the maximum allowable incarceration time, as it did for magistrate and metropolitan courts. Notably, the Legislature expressly limited the district court to a total of five probation years, without reference to maximum incarceration periods.

**{6}** In *State v. Encinias*, 104 N.M. 740, 726 P.2d 1174 (Ct. App. 1986), we analyzed a similar issue, where a defendant's sentence of probation exceeded the potential length of imprisonment. There, the defendant argued that the district court erred when it placed him on five years of supervised probation following his conviction of a fourth degree felony, which carried only a basic sentence of eighteen months' imprisonment. *Id*. at 742, 726 P.2d at 1176. We first noted that previously repealed legislation "expressly provided that supervised probation [ordered by the district court] could not exceed the maximum term of incarceration for the offense committed." *Id*. We highlighted the fact that the amended version of NMSA 1978, Section 31-20-6 (1987, as amended through 2007)[1] "expressly

_____

[1]We note that this Court analyzed Section 31-20-6 rather than Section 31-20-5 in *Encinias*. The difference is of no consequence to our analysis. Section 31-20-6 expressly provides that courts can "place[ a defendant] on probation under the supervision, guidance[,] or direction of the adult probation and parole division for a term *not to exceed five years*[.]" (Emphasis added.) The statute merely does not distinguish between district courts and other

3

provides for a term of supervised probation for a period of up to five years." *Encinias*, 104 N.M. at 742, 726 P.2d at 1176. We concluded that since the latest expression of legislative intent gave the district court discretion to award up to five years of probation, we could not limit the probation period to the potential term of incarceration. *Id*. "[S]imply because a court may lose the authority to incarcerate a probationer upon the expiration of the underlying term of the suspended sentence, does not render amended Section 31-20-6[(C)] meaningless." *Encinias,* 104 N.M. at 742, 726 P.2d at 1176 (citation omitted). Because one of the purposes of probation is to aid in rehabilitation of the convicted felon, "a defendant may benefit from complying with a supervised term of probation even where the underlying term of incarceration has expired." *Id.*; *see State v. Donaldson*, 100 N.M. 111, 119, 666 P.2d 1258, 1266 (Ct. App. 1983) ("The broad general purposes of probation are education and rehabilitation[.]"). We also explained that "a defendant may benefit by complying with the terms of probation for the entire probationary period by demonstrating to the sentencing court that he is a good candidate for a second term of probation should he subsequently be convicted of a criminal offense." *Encinias*, 104 N.M. at 742, 726 P.2d at 1176.

**{7}** We underscore that "[t]he suspension . . . of a sentence is not a matter of right but is an act of clemency within the [district] court's discretion." *State v. Follis*, 81 N.M. 690, 692, 472 P.2d 655, 657 (Ct. App. 1970). Under Section 31-20-6, the district court clearly has the discretion to order up to five years of probation, regardless of whether the potential period of incarceration is less than the probation term. Because we read Sections 31-20-6 and 31-20-12 in harmony, we cannot construe Section 31-20-12 to mean that pre-sentence confinement credit must reduce sentences of probation, as proposed by Defendant. *See State v. Lucero*, 2007-NMSC-041, ¶ 8, 142 N.M. 102, 163 P.3d 489 ("We must read statutes harmoniously instead of as contradicting one another when possible."). Such a construction ultimately seeks to limit the probation time ordered by the district court to the period of potential incarceration, which was clearly not the intention of the Legislature. As we explained in *Encinias*, probation serves a rehabilitative purpose that can be achieved even after the district court loses its authority to incarcerate a defendant for a probation violation. Such periods of probation are fundamentally distinct from sentences of imprisonment.

**{8}** Therefore, we conclude that it was within the discretion of the district court to choose to suspend Defendant's sentence and to decide the parameters of probation most suitable (within the five-year limit). The pre-sentence confinement credit need not be credited against the probation time ordered by the district court.

## III. CONCLUSION

**{9}** For the reasons stated above, we affirm the district court.

---

courts within the state. Thus, it can be assumed that the five-year limit on probation time is applicable to all courts in New Mexico.

4

**{10}** **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**CYNTHIA A. FRY, Judge**

**Topic Index for** _State v. Nieto_**, No. 30,806**

**APPEAL AND ERROR**
Standard of Review

**CRIMINAL LAW**
Aggravating or Mitigating Circumstances
Battery
Motor Vehicle Violations

**CRIMINAL PROCEDURE**
Probation
Sentencing

**STATUTES**
Interpretation
Legislative Intent