This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.** No. 33,866

**ROCCO TINOCO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**Jennifer E. DeLaney, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Sergio Viscoli, Assistant Appellate Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

{1}     Defendant appeals from the district court's order revoking his probation and continuing him on probation. Defendant has filed self-represented pleadings in this Court, but he was represented in district court and was appointed representation on appeal. We address only those pleadings filed by counsel on appeal. Unpersuaded that Defendant's counseled docketing statement demonstrated error, we issued a notice of proposed summary disposition, proposing to affirm. Defendant filed a counseled response to our notice. Having duly considered Defendant's response, we conclude that Defendant has not demonstrated that the district court erred. We also conclude that Defendant has raised several new matters in his response that were not raised in the docketing statement and treat them as a motion to amend the docketing statement to add new issues. Because the issues were not preserved and are not viable, we deny the motion.

{2}     On appeal, Defendant has maintained that he was charged with a probation violation, incarcerated, and persecuted due to his religious beliefs, in violation of the New Mexico Constitution's right to freedom of religion. [DS unnumbered 2; MIO 1, 3-6] Defendant pursues this issue under the demands of *State v. Franklin*, 1967-NMSC-151, ¶ 9, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*, 1985-NMCA-029, ¶ 24, 103 N.M. 655, 712 P.2d 1. [MIO 1, 4]

{3} Our notice observed that Defendant raised this issue during his allocution, although no specific instances of religious persecution were presented, [DS 2] and that Defendant admitted his violation of probation [RP 95], which consisted of being arrested for battery on a household member, battery on a police officer, and testing positive for alcohol and marijuana. [RP 66, 68-69, 95; DS 2] Further, we noted that the report of the probation violation that details the facts of the probation violations provided no indication that there was any judicially recognized connection between Defendant's religion and his criminal actions, nor was there any indication of a religious bias underlying the actions of the officers. Nothing else in the record suggested to us that there was any religious persecution during the probation violation proceedings.

{4} In response to our notice, Defendant does not argue that the record reflects religious persecution by the district court. [MIO 4] Defendant seems to argue that the State somehow acknowledged his right to the free exercise of religion when it previously issued a notice of intent not to prosecute Defendant for having the presence of marijuana in his system. [MIO 5-6] Defendant argues that his religion permits him to take marijuana and alcohol. [MIO 6] Defendant did not develop this argument here or in district court, either factually or legally. Because Defendant does not refer us to any judicially recognized connection between Defendant's religion and the violations

3

of the terms of his probation, we hold that Defendant has not demonstrated error. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (holding that an appellate court will not review issues raised on appeal that are unsupported by cited authority and may presume that no such authority exists).

**Motion to Amend**

{5}     Defendant raises the following new matters for the first time in his response to our notice, which we treat as a motion to amend the docketing statement. These new matters are also pursued under the demands of *Franklin*, 1967-NMSC-151, ¶ 9, and *Boyer*, 1985-NMCA-029, ¶ 24. [MIO 6, 8] With respect to Defendant's charge of battery on a household member, Defendant contends: (1) he is not guilty, despite his plea; (2) there is another case resolving those charges, which he will be vindicated of on appeal; (3) the alleged victim of the battery is unstable and not credible; and (4) Defendant was acting in self-defense. [MIO 6-8] With respect to Defendant's charge of battery on a peace officer, Defendant argues that because he was wrongfully accused, he was acting under duress when he spat on an officer. [MIO 8] Defendant complains that he was forced to choose between his innocence and his financial stability when he admitted the facts as alleged by the State. [MIO 8] Defendant also complains about the length of time he had to wait for a hearing and about the sentence he received. [MIO 8-9]

4

{6} In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91, *superseded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

{7} Defendant admitted that he violated his probation on the facts alleged in district court, however, and did not raise or develop facts relative to any of these issues in district court. "We require parties to assert the legal principle upon which their claims are based and to develop the facts in the trial court primarily . . . to alert the trial court to a claim of error so that it has an opportunity to correct any mistake[.]" *State v. Harrison*, 2000-NMSC-022, ¶ 28, 129 N.M. 328, 7 P.3d 478 (internal quotation marks and citation omitted). As a result, no facts appear in the record to support Defendant's

claims of innocence, his justification defenses, his alleged objectionable choice between financial stability and innocence, or any representations about the timing of his probation revocation hearing. Defendant must first raise these matters in district court to develop a record, and he may attempt to do so in the appropriate post-conviction relief proceedings.

**{8}** To the extent that Defendant complains about his sentence, there is no indication that the sentence was illegal. As we observed in our notice, the district court's lenient and lawful imposition of a 90-day sanction, which the court found Defendant had already served, for his violent offenses that violated his probation and the court's return of Defendant on probation was not illegal and does not suggest that the court failed to consider Defendant's allocution or other wrongdoing. [RP 96; DS unnumbered 2] *See State v. Nieto*, 2013-NMCA-065, ¶ 8, 303 P.3d 855 (holding that "it was within the discretion of the district court to choose to suspend [the d]efendant's sentence and to decide the parameters of probation most suitable [and that t]he pre-sentence confinement credit need not be credited against the probation time ordered by the district court").

**{9}** For the reasons stated in our notice and in this Opinion, we hold that Defendant has not established error and deny the motion to amend to add the new issues. We

6

affirm the district court's order revoking his probation and continuing him on probation.

{10}    **IT IS SO ORDERED.**

_____

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Chief Judge**

_____

**LINDA M. VANZI, Judge**

7