This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. **NO. 34,850**

**NATHAN COPAGE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Mary Marlowe Sommer, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Steven J. Forsberg, Assistant Public Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

{1}     Defendant appeals from a district court judgment revoking his conditional discharge and placing him on probation. We issued a second calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition and a motion to amend the docketing statement. For the reasons discussed below, the motion is denied and the judgment is affirmed.

**MOTION TO AMEND**

{2}     Defendant has filed a motion to amend the docketing statement to add a new issue. [MIO I] In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶ 15, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

**{3}** Here, Defendant also has filed a motion to amend the docketing statement. Defendant's description of the issue is merely a re-statement of the issue that has already been raised. [MIO 2] He also goes on to argue that his probation period violated due process and double jeopardy and amounted to cruel and unusual punishment. [MIO 3] The due process and double jeopardy arguments are predicated on the alleged lack of authority to impose the sentence. We also do not believe that a statutorily-authorized term of probation constitutes cruel and unusual punishment. *See State v. Ira*, 2002-NMCA-037, ¶ 18, 132 N.M. 8, 43 P.3d 359 (noting that cruel and unusual sentence must be so disproportionate to crime that it shocks the conscience). Accordingly, we conclude that the motion to amend is not viable.

**VALIDITY OF PROBATION**

**{4}** Defendant continues to claim that the district court lacked authority to place him on probation. [MIO 1] The district court issued a conditional discharge order in May 2013 pursuant to a plea agreement wherein Defendant pled to two fourth degree felonies, to be served concurrently, for a potential term of imprisonment of eighteen months. [RP 57, 62] Defendant was given a suspended sentence of eighteen months and placed on probation for a period of five years. [RP 57, 62] In August 2014, the district court revoked the conditional discharge, found Defendant guilty of the underlying crimes, and suspended his sentence and placed him on probation. [RP 118]

Defendant does not dispute that when he was re-sentenced he was properly credited for the period he was on probation. With respect to the authority to impose probation beyond the term of the basic sentence, the conditional discharge statute, NMSA 1978, § 31-20-13(A) (1994), authorizes the imposition of probation, which may be up to five years, as happened in this case. [RP 62] *See* NMSA 1978, § 31-20-5(A) (2003); *see also State v. Encinias*, 1986-NMCA-049, ¶ 13, 104 N.M. 740, 726 P.2d 1174 (concluding that the district court has discretion to award up to five years of probation and that this probation period is not limited to the potential term of incarceration). Defendant's reliance on *State v. Nolan*, 1979-NMCA-116, ¶¶ 20-21, 93 N.M. 472, 601 P.2d 442, is misplaced. That case did not involve a conditional discharge order. Instead, in *Nolan* the defendant was sentenced to be incarcerated for the full term, with no suspension or deferral. *Id*. The suspension or deferral was deemed a prerequisite for any additional probationary term. Here, Section 31-20-13(A) expressly authorized the term of probation ordered by the district court. [RP 62]

{5}     For the reasons set forth above, we affirm.

{6}     **IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Chief Judge**

_____
**TIMOTHY L. GARCIA, Judge**