This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41256**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**ROBERT TOMSIC,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Curtis R. Gurley, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennet J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}**    This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

{2}     Defendant appeals from the district court's order revoking his probation, imposing a term of incarceration, and applying a habitual offender enhancement to Defendant's sentence. [2 RP 265] Defendant contends that the district court did not have jurisdiction to enhance his sentence "because he had *effectively* served his entire underlying sentence—386 days of presentence confinement credit and time spent on probation or jailed since October 4, 2021—and had a reasonable expectation of finality in that effectively completed sentence." [BIC 15] We disagree.

{3}     Defendant entered a guilty plea to one count of possession of methamphetamine and was sentenced to a term of eighteen months of probation in lieu of incarceration. [BIC 1-2] Pursuant to the plea agreement, Defendant admitted to two prior felony convictions, but the State agreed not to seek a habitual offender enhancement of Defendant's sentence so long as the terms of the plea agreement were upheld by Defendant. [BIC 1] *See* NMSA 1978, § 31-18-17(B) (2003) ("A person convicted of a noncapital felony in this state . . . who has incurred two prior felony convictions that were parts of separate transactions or occurrences or conditional discharge . . . is a habitual offender and his basic sentence shall be increased by four years."). Defendant's probation term was scheduled to end on April 4, 2023. [BIC 15] In the judgment and sentence, the district court acknowledged that Defendant had earned 386 days of presentence confinement credit, but stated that he would be given this credit only if he was imprisoned at any time pursuant to the terms of the judgment and sentence. [1 RP 158]

{4}     Defendant violated the terms of his plea agreement on two documented occasions. The first order, filed April 21, 2022, resulted in a continuation of probation. [1 RP 183] The second motion to revoke resulted in the instant order, filed March 20, 2023, revoking probation and imposing the original term of incarceration and concomitant habitual offender enhancement. [2 RP 265; BIC 2-3] Defendant does not contest that his probation was scheduled to end April 4, 2023, nor does he contest that the order revoking his probation was filed prior to that end date. Defendant instead appears to argue that the 386 days of presentence confinement were required to be immediately applied to his time served on probation, and that, when coupled with the time Defendant was incarcerated in county jail on violations of his probation in the amount of 283 days, Defendant had effectively served his entire base sentence and the district court was without jurisdiction to impose the habitual offender enhancement to increase the period of incarceration. [BIC 5, 15]

{5}     Defendant's argument, while creative, fails under the plain terms of his plea agreement and *State v. Nieto*, 2013-NMCA-065, 303 P.3d 855. In *Nieto*, we considered and dismissed the defendant's argument that a period of presentence confinement must be credited against a probationary period, and instead reaffirmed that the district court has discretion to "decide the parameters of probation most suitable." *Id.* ¶ 8.  Similarly, Defendant's judgment and sentence in the instant case clearly states that Defendant will only be given presentence confinement credit in the event that he is incarcerated. [1 RP 158] Defendant makes no argument distinguishing this case from the holding in *Nieto*, but instead states that Defendant had a reasonable expectation in finality of his

sentence when all the periods of incarceration are totaled up to exceed his eighteen-month base sentence. [BIC 15] We conclude that any expectation of finality in the sentence under those terms would be wholly unreasonable given that Defendant's term of probation was clearly not over until April 4, 2023. [BIC 15] Thus, we conclude the district court was well within its jurisdiction to revoke Defendant's probation and impose the original sentence and habitual offender enhancement in its March 20, 2023 order. *See id.*

{6}     For the foregoing reasons, we affirm the revocation of Defendant's probation.

{7}     **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**JANE B. YOHALEM, Judge**