This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41866**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ORLANDO SMITH a/k/a**
**ORLANDO COWBOY SMITH,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ATTREP, Chief Judge.**

**{1}** This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Following a jury trial, Defendant appeals from the district court's judgment and sentence for aggravated driving while intoxicated (DWI) (8th or subsequent offense). Defendant argues that his twelve-year sentence was cruel and unusual and in violation of due process, contrary to the Eighth Amendment to the United States Constitution, and Article II, Section 13 of the New Mexico Constitution. [BIC 3-7]

**{3}** Defendant asserts that he may raise this issue for the first time on appeal, citing *State v. Sinyard*, 1983-NMCA-150, 100 N.M. 694, 657 P.2d 426. [BIC 4] But the defendant in *Sinyard* was not challenging their sentence as a violation of the constitutional prohibition against cruel and unusual punishment; instead, the defendant claimed that it was an illegal sentence not authorized under the statute. *Id.* ¶ 1. Indeed, *Sinyard* does not apply to a claim that a sentence is cruel and unusual and such a claim may not be raised for the first time on appeal. *See State v. Chavarria*, 2009-NMSC-020, ¶ 14, 146 N.M. 251, 208 P.3d 896 (distinguishing *Sinyard* and holding "that a sentence authorized by statute, but claimed to be cruel and unusual punishment under the state and federal constitutions, does not implicate the jurisdiction of the sentencing court, and, therefore, may not be raised for the first time on appeal"). As Defendant admits, his sentence was authorized by statute. [BIC 3] *See* NMSA 1978, § 66-8-102(K) (2016) (providing that an eighth or subsequent DWI conviction constitutes a second-degree felony and authorizing a sentence "of imprisonment of twelve years"). Therefore, because Defendant's "sentence was authorized by statute," he may not raise a claim that his sentence was "cruel and unusual" for the first time on appeal. *Chavarria*, 2009-NMSC-020, ¶ 14. Because Defendant did not preserve this argument below, he cannot raise this issue for the first time on appeal.

**{4}** Last, we note that Defendant also generally contends that his due process rights were violated. [DS 4] However, there are no facts or authority asserted to support a due process violation. *See State v. Guerra*, 2012-NMSC-014, ¶ 21, 278 P.3d 1031 (stating that appellate courts are under no obligation to review undeveloped arguments); *see also State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 (stating that where there is no authority cited in support of an issue, the court need not address it). Thus, we are unable to discern any error in this regard. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that we presume correctness in the trial court's rulings and the burden is on the appellant to demonstrate trial court error).

**{5}** Based on the foregoing, we affirm the district court.

**{6}** **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**GERALD E. BACA, Judge**